UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NIGEL VINCENT BROWN,

                         Plaintiff(s),

        *- against -*

POLICE OFFICER MAGISTRO, et al.,

                       Defendant(s).

10 Civ. 3705 (CS)(PED)

**REPORT AND
RECOMMENDATION**

TO:   **THE HONORABLE CATHY SEIBEL,
       UNITED STATES DISTRICT JUDGE:**

## I. INTRODUCTION

*Pro se* plaintiff Nigel Vincent Brown ("Plaintiff") brings the instant action against

defendants alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. Currently before

the Court is the motion for summary judgment filed by Plaintiff, (Docket No. 41), and the cross-

motion to dismiss filed by defendants Police Officer Magistro ("Magistro"), Police Officer

Falcone ("Falcone"), Police Officer Badner ("Badner") and Police Officer Aube ("Aube")

(collectively, "Defendants"), (Docket No. 43). This matter comes before me pursuant to an

Order of Reference dated October 15, 2010. (Docket No. 15). For the reasons set forth below, I

respectfully recommend that Plaintiff's motion be **DENIED** and Defendants' motion be

**GRANTED**.

## II. BACKGROUND

A.   **Undisputed Facts**[1]

---

[1] The information within this section is taken from a review of the parties' statements
pursuant to Rule 56.1 of the Local Civil Rules for the Southern District of New York (Docket
Nos. 47, 50), Plaintiff's pleading (Docket No. 9), and the documents attached to Plaintiff's 56.1

On January 5, 2010 at approximately 1:00 p.m., Magistro, Badner, and Falcone attempted to arrest Plaintiff in connection with an armed robbery at the Jelly Belly Deli at 83 Washington Street in the City of Poughkeepsie, New York.[2] The officers pursued Plaintiff as he fled into an abandoned warehouse located near the deli. The officers eventually arrested Plaintiff inside the warehouse. Plaintiff was taken to the police station and questioned, whereupon he complained of pain and was taken to the hospital. Aube accompanied Plaintiff. The hospital diagnosed Plaintiff with a contusion and discharged him. On March 12, 2010, Plaintiff was sent to another hospital after he complained of jaw pain. He was diagnosed with a dislocated jaw.

**B.      Procedural History**

Plaintiff's complaint was filed on May 5, 2010. (Docket No. 2). His amended complaint ("Complaint"), which is the current operative pleading, was filed on June 11, 2010. (Docket No. 9). Liberally read, see Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007), the Complaint alleges that Magistro, Badner, and Falcone used excessive force in effectuating Plaintiff's arrest, (Am. Compl. at 3, 5). The Complaint also states, *inter alia*, that Aube falsely attributed a statement to Plaintiff, which was then reproduced within the prosecutor's Huntley[3] notice. (Am. Compl. at 9-10 (unpaginated)). Plaintiff seeks approximately $5 million in damages. (Id. at 5).

After completion of discovery, Plaintiff moved for summary judgment. (Docket No. 41). In addition to opposing Plaintiff's motion, Defendants filed a cross-motion to dismiss. (Docket

---

Statement (Docket No. 50).

[2] On September 22, 2010, Plaintiff pled guilty to Robbery in the Second Degree. (See Sept. 22, 2010 Tr. (attached to Aff. of David L. Posner, Esq. ("Posner Aff."), at Ex. E (Docket No. 44))).

[3] People v. Huntley, 15 N.Y.2d 72 (1965).

2

No. 43).  Defendants argue:

(1)     Plaintiff's motion for summary judgment should be denied with respect to Magistro and Badner because genuine issues of triable fact exist as to whether or not Magistro and Badner used excessive force in effectuating Plaintiff's arrest, (see Defs.' Mem., at 2-4 (Docket No. 48));

(2)     The claims against Aube should be dismissed pursuant to Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure for Plaintiff's failure to state a cognizable claim, (see id. at 4-6); and

(3)     The claims against Falcone should be dismissed pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure for Plaintiff's failure to timely substitute a new party, (see id. at 6).

The Court heard oral argument on November 14, 2011.

## III.  DISCUSSION

### A.     Plaintiff's Motion For Summary Judgment

#### 1.     *Legal Standard*

Summary judgment may be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "When ruling on a summary judgment motion, the district court must construe the facts in the light most favorable to the nonmoving party and must resolve all ambiguities and draw all reasonable inferences against the movant."  Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003) (citing Anderson, 477 U.S. at 247).  The burden of showing that no genuine issue of material fact exists rests on the movant.  See Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Atl. Mut. Ins. Co. v. CSX Lines, LLC, 432 F.3d 428, 433 (2d Cir. 2005).

2.    *Application*

     a.    **Excessive Force Claim**

In this case, Plaintiff *concedes* that genuine issues of triable fact exist as to his excessive

force claims against Magistro and Badner.  In his Affirmation in Support of his motion for

summary judgment, Plaintiff clearly states that "there is a genuine factual issue as to each point

on which I the plaintiff bear the burden of proof."  (Pl.'s Affirmation ¶ 5 (attached to Not. of

Mot. for Summ. J. (Docket No. 41))).

     In any event, a review of Plaintiff's 56.1 Statement reveals that Plaintiff relies upon his

own conclusions and draws inferences in his own favor to support his argument that summary

judgment is appropriate.  For example, he asserts it is undisputed that one of the police officers

who was present during the arrest carried a "body bunker," then declares that this fact, coupled

with his own "personal knowledge," demonstrates "that it was entirely impossible for [Plaintiff]

to resist . . . arrest[ ]."  (Pl.'s 56.1 Statement ¶ 1 (Docket No. 50)).  Based on this self-serving

syllogism, Plaintiff draws an inference that excessive force was used.

     Defendants, however, dispute Plaintiff's conclusions and contend that the force used was

the amount necessary to effectuate Plaintiff's arrest.  See Hudson v. McMillian, 503 U.S. 1, 7

(1992) (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986)) (among other things, a claim of

excessive force under Section 1983 requires proof that the defendants subjectively acted with a

"wanton" state of mind, which may be shown from "the relationship between th[e] need [for

force] and the amount of force used").  Defendants assert that Plaintiff attempted to flee, flailed

his arms, and kicked his feet when the officers attempted to handcuff him.  (See, e.g., Magistro's

Resp. to Pl.'s First Set of Interrogs. ¶ 4 (attached to Posner Aff., at Ex. F); see also, e.g.,

Badner's Resp. to Pl.'s First Set of Interrogs. ¶ 4 (attached to Posner Aff., at Ex. G)).  Plaintiff in

turn disputes this and contends he complied with the officers' orders.  (See, e.g., Pl.'s 56.1

Statement ¶ 4).  Thus, triable issues of fact exist as to whether or not Plaintiff resisted arrest, the

extent to which he may have resisted, and the amount of force used to effectuate his arrest.

I note that Plaintiff's motion papers are replete with other instances in which he has

relied upon self-serving and conclusory factual assertions which are disputed by Defendants.

(See, e.g., id. ¶ 4 (Plaintiff states Magistro and Badner lied in their interrogatory responses); id. ¶

7 (Plaintiff relies upon his deposition testimony to show that no factual dispute exists as to his

contention he did not resist arrest); id. ¶¶ 8, 17 (Plaintiff relies upon hospital discharge records

that diagnosed him with a "contusion," as well as his deposition testimony, to show that no

factual dispute exists as to the date his jaw became dislocated); id. ¶¶ 12-13 (Plaintiff relies upon

his personal knowledge to show that no factual dispute exists as to his contention Aube lied to

prosecutors about the statement Plaintiff made during transport to the hospital); id. ¶ 15 (Plaintiff

relies upon a statement he provided the emergency room doctor to show that no factual dispute

exists as to his contention he was attacked by police officers); id. ¶ 18 (Plaintiff relies upon his

deposition testimony to show that no factual dispute exists as to his contention he did not sustain

any injuries during his flight from the deli and police); see also Pl.'s Reply Affirmation in Supp.

of Mot. for Summ. J., at 1 ("Pl.'s Reply") (Docket No. 49) (Plaintiff states that he has presented

"[his] version" of the "undisputed facts" in his motion for summary judgment)).  Accordingly, I

respectfully recommend that Plaintiff's motion for summary judgment on his excessive force

claim be denied.

**b.      Intentional Infliction Of Emotional Distress Claim**

Plaintiff appears to move for summary judgment on a claim of "Intentional Infliction of

Emotional Distress/Mental Anguish."  (Pl.'s 56.1 Statement ¶ 20).  However, Plaintiff has relied

upon no more than the conclusory, self-serving, and disputed allegations identified above to

support this part of his motion.  Accordingly, I respectfully recommend that Plaintiff's motion

for summary judgment on his claim of intentional infliction of emotional distress be denied.[4]

## B.     **Defendants' Motion For Judgment On The Pleadings**

### 1.     *Legal Standard*

Under Rule 12(c) of the Federal Rules of Civil Procedure, a defendant who has already

filed an answer to a complaint may move the court for a judgment on the pleadings.  Fed. R. Civ.

P. 12(c).  "The standard for granting a Rule 12(c) motion for judgment on the pleadings is

identical to that of a Rule 12(b)(6) motion for failure to state a claim."  Patel v. Contemporary

Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001).  "In both postures, the district court

must accept all allegations in the complaint as true and draw all inferences in the non-moving

party's favor."  Id.  In addition, while the court must construe a *pro se* plaintiff's pleadings

liberally, it may not accept as true mere "conclusions of law or unwarranted deductions of fact."

First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 771 (2d Cir. 1994) (quoting 2A

Moore & Lucas, Moore's Federal Practice ¶ 12.08, at 2266-69 (2d ed. 1984)); see also, e.g.,

ATSI Comme'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Bell Atl.

Corp. v. Twombly, 550 U.S. 544, 555 (2007)) ("To survive dismissal [under Rule 12(b)(6)], the

plaintiff must provide the grounds upon which his claim rests through factual allegations

sufficient 'to raise a right to relief above the speculative level.'"); Gebhardt v. Allspect, Inc., 96

F. Supp.2d 331, 333 (S.D.N.Y. 2000) (quoting 2 James Wm. Moore et al., Moore's Federal

Practice § 12.34(1)(b) (3d ed. 1997)) (plaintiff must do more to survive a Rule 12(b)(6) motion

---

[4] Defendants have not responded to this aspect of Plaintiff's motion, nor have they cross-
moved for summary judgment or dismissal of this claim.

than plead mere "[c]onclusory allegations or legal conclusions masquerading as factual conclusions"). Dismissal for failure to state a claim is therefore proper where the court "is satisfied that the complaint cannot state any set of facts that would entitle [the non-moving party] to relief." Patel, 259 F.3d at 126 (citing Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994)); see also Twombly, 550 U.S. at 570 (dismissal proper where plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face").

## 2.    *Application*

In this case, Defendants argue that the Complaint fails to state any cognizable claim against Aube that entitles Plaintiff to relief. They point out that, apart from the section identifying the types of relief sought, the Complaint refers to Aube only once and does so only by contending that Aube lied to the prosecutor about what Plaintiff said while he was being transported to the hospital. (See Am. Compl., at 5, 8-9; Defs.' Mem., at 4-5). In response, Plaintiff asks the Court to "dismiss" "the statements made" by Aube. (Pl.'s Reply, at 2). I have reviewed the Complaint and Plaintiff's filings in support of his motion for summary judgment. Because these materials – even liberally read – do not suggest any basis for an excessive force claim against Aube, I respectfully recommend that Defendants' motion to dismiss any such claim be granted.

Plaintiff's filings may be liberally construed to suggest that Aube participated in a malicious prosecution of Plaintiff. See Colon v. City of New York, 60 N.Y.2d 78, 82-83 (1983) (malicious prosecution claim may exist where police witnesses made false statements to prosecutor, misrepresented or otherwise falsified evidence). However, "[t]o establish a malicious prosecution claim . . . , a plaintiff must show that a proceeding was commenced or continued against him, with malice and without probable cause, and was terminated in his

favor." Fulton v. Robinson, 289 F.3d 188, 195 (2d Cir. 2002).  In this case, after accepting as

true all of the factual allegations in the Complaint and after drawing all reasonable inferences in

Plaintiff's favor, the pleading fails to allege an essential element of a malicious prosecution

claim.  Specifically, nowhere in the Complaint does Plaintiff allege that the criminal prosecution

for the robbery of the Jelly Belly Deli terminated in his favor.[5]  Accordingly, I respectfully

recommend that Defendants' motion to dismiss the claims against Aube be granted.

**C.    Defendants' Motion To Dismiss For Failure To Substitute Party**

     **1.    *Legal Standard***

Rule 25(a)(1) of the Federal Rules of Civil Procedure provides:

> If a party dies and the claim is not extinguished, the court may order substitution of
> the proper party.  A motion for substitution may be made by any party or by the
> decedent's successor or representative.  If the motion is not made within 90 days
> after service of a statement noting the death, the action by or against the decedent
> must be dismissed.

---

[5] The robbery case was still pending at the time Plaintiff filed the Complaint.  However, I note that even if this Court were to construe the Complaint to allege all of the essential elements of a malicious prosecution claim against Aube, the claim may still be denied as a matter of law. See Metrokane, Inc. v. Wine Enthusiast, 185 F. Supp.2d 321, 325 (S.D.N.Y. 2002) (district court has discretion to convert a motion to dismiss into one for summary judgment where material outside the pleadings has been presented in support of a 12(b)(6) motion and the non-moving party would not be taken by surprise by such a conversion).  Here, Defendants have produced undisputed evidence that Plaintiff pled guilty to Robbery in the Second Degree.  (See Sept. 22, 2010 Tr.).  It is clear that a prosecution does not terminate in a plaintiff's favor where the plaintiff has pled guilty to the offense. See, e.g., Rothstein v. Carriere, 373 F.3d 275, 286-87 (2d Cir. 2004); Timmins v. Toto, 91 F. App'x 165, 166-67 (2d Cir. 2004); Dettelis v. City of Buffalo, 166 F.3d 1200, 1998 WL 904315, at *2 (2d Cir. 1998) (unpublished opinion).  I also note that, for this reason, any request by Plaintiff to amend his Complaint in order to properly plead a malicious prosecution claim would be futile. See Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962).

Copies of unreported cases cited herein will be mailed to Petitioner. See Lebron v. Sanders, 557 F.3d 76 (2d Cir. 2009).

Fed. R. Civ. P. 25(a)(1).

**2.** _**Application**_

Here, Defendants filed a notice of death regarding Falcone on February 24, 2011.

(Docket No. 32). More than ninety days later, Defendants made the instant motion to dismiss

pursuant to Rule 25(a)(1). Plaintiff has not moved to substitute Falcone for his successor or

representative, has not requested an extension of time in order to do so pursuant to Rule 6(b) of

the Federal Rules of Civil Procedure,[6] and has made no argument asking the Court to excuse this

neglect. (See generally Pl.'s Reply). Accordingly, I respectfully recommend that Defendants'

motion to dismiss the claims against Falcone be granted. See, e.g., Unicorn Tales, Inc. v.

Banerjee, 138 F.3d 467, 470 (2d Cir. 1998) (failure to move for extension of time pursuant to

Rule 6(b) in order to substitute party required dismissal under Rule 25(a)(1)); Rodgers v. City of

New York, No. 05-cv-5521, 2006 WL 2943621, at *1 (E.D.N.Y. Sept. 6, 2006) (recommending

dismissal under Rules 25(a)(1) and 41[7] where plaintiff never moved to substitute defendant); cf.

Knight v. H.E. Yerkes & Assocs., Inc., 135 F.R.D. 67, 69-72 (S.D.N.Y. 1991) (granting

plaintiff's Rule 6(b) motion for extension of time to move to substitute party where good cause

was shown for plaintiff's failure to substitute party within the ninety day period of time provided

by Rule 25(a)(1)).

---

[6]
> When an act may or must be done within a specified time, the court may, for good
> cause, extend the time . . . with or without motion or notice if the court acts, or if a
> request is made, before the original time or its extension expires . . . or . . . on motion
> made after the time has expired if the party failed to act because of excusable
> neglect.

Fed. R. Civ. P. 6(b).

[7] "If the plaintiff fails to prosecute or to comply with these rules or a court order, a
defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

## IV.  CONCLUSION

For the reasons set forth above, I conclude – and respectfully recommend that Your Honor should conclude – that Plaintiff's motion for summary judgment should be **DENIED** and Defendants' cross-motions to dismiss all claims against Aube and Falcone should be **GRANTED**.

### NOTICE

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days, plus an additional three (3) days, or a total of seventeen (17) days, from service of this Report and Recommendation to serve and file written objections.  See also Fed. R. Civ. P. 6(a), (b), (d).  Such objections, if any, along with any responses to the objections, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of the Hon. Cathy Seibel, at the Hon. Charles L. Brieant, Jr. Federal Building and United States Courthouse, 300 Quarropas Street, White Plains, New York 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Seibel.


Dated: November 14, 2011
     White Plains, New York


SO ORDERED

_____
Paul E. Davison
United States Magistrate Judge
Southern District of New York

A copy of the foregoing Report and Recommendation has been sent to the following:

The Honorable Cathy Seibel
The Hon. Charles L. Brieant, Jr. Federal Building and United States Courthouse
300 Quarropas Street
White Plains, New York  10601

Nigel Vincent Brown, *pro se*
10-A-5568
Coxsackie Correctional Facility
P.O. Box. 999
Coxsackie, New York 12051

David Lewis Posner, Esq.
McCabe & Mack, LLC
63 Washington Street, P.O. Box 509
Poughkeepsie, NY 12602