UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NIGEL VINCENT BROWN,

                        Plaintiff,

       - against -

POLICE OFFICER MAGISTRO, POLICE OFFICER
BADNER, POLICE OFFICER FALCONE and
POLICE OFFICER AUBE,
                        Defendants.
------------------------------------------------------------------X

10-CV-3705 (CS)(PED)

**ORDER ADOPTING
REPORT AND
RECOMMENDATION
AS MODIFIED**

Appearances:

Nigel Vincent Brown
Coxsackie, New York
Pro se *Plaintiff*

David L. Posner
McCabe & Mack LLP
Poughkeepsie, New York
*Counsel for Defendants*

Seibel, J.

      Before the Court is the Report and Recommendation (the "R&R") issued by Magistrate Judge Paul E. Davison in this case. (Doc. 53.) It is dated November 14, 2011, and addresses Plaintiff's motion for summary judgment, (Doc. 41), and Defendants' cross-motion to dismiss, (Doc. 43.) Both sides have filed objections to the R&R. (Docs. 54, 56, 58.) Familiarity with the R&R, the legal standards governing the motions, and prior proceedings in the case is presumed. For the reasons stated below, the R&R, as modified, is adopted as the decision of the Court.



I.      Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific," "written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); accord 28 U.S.C. § 636(b)(1)(C). A district court must conduct a de novo review of those portions of the report or specified proposed findings or recommendations to which timely objections are made. 28 U.S.C. § 636(b)(1)(C); see Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record. Lewis v. Zon, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); see Fed. R. Civ. P. 72 advisory committee's note (b). In addition, "[t]o the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc., No. 07-CV-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008);[1] accord Evans v. Ericole, No. 06-CV-3684, 2008 WL 4861783, at *2 (S.D.N.Y. Nov. 10, 2008) (reviewing report and recommendation for clear error where pro se plaintiff made only general objection); Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts

---

[1]     Copies of all unreported opinions cited in this Memorandum Decision and Order will be provided to Plaintiff.

should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (internal quotation marks omitted).

The objections of parties appearing *pro se* are "generally accorded leniency" and should be construed "to raise the strongest arguments that they suggest." *Milano v. Astrue*, 05-CV-6527, 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008) (internal quotation marks omitted). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (internal quotations marks omitted).

II.  Discussion

Judge Davison denied Plaintiff's motion for summary judgment, finding that fact issues existed as to whether the officers used excessive force in effecting Plaintiff's arrest. He further found the same issues precluded summary judgment on a claim of intentional infliction of emotional distress/anguish. He granted Defendant Aube's motion for judgment on the pleadings on the ground that the record showed no involvement on his part in any alleged excessive force, and that if the Amended Complaint ("AC"), (Doc. 9), could be construed as alleging a malicious prosecution claim against Aube, it would fail as a matter of law because the criminal proceeding at issue did not terminate in Plaintiff's favor. Finally, he granted a motion to dismiss Defendant Falcone on the ground that Plaintiff had not timely moved to substitute the proper party upon Defendant Falcone's death as required by Fed. R. Civ. P. 25(a)(1).

A.   Intentional Infliction of Emotional Distress Claim

Defendants object to Judge Davison's apparent conclusion that Plaintiff advances a claim for intentional infliction of emotional distress. Judge Davison wrote:

> Plaintiff appears to move for summary judgment on a claim of "Intentional Infliction of Emotional Distress/Mental Anguish." (Pl.'s 56.1 Statement ¶ 20). However, Plaintiff has relied upon no more than the conclusory, self-serving, and disputed allegations identified above [in connection with the excessive force claim] to support this part of his motion. Accordingly, I respectfully recommend that Plaintiff's motion for summary judgment on his claim for intentional infliction of emotional distress be denied.

(R&R at 5-6.) Judge Davison noted in a footnote that Defendants had not responded to that portion of Plaintiff's motion or moved for summary judgment or dismissal as to that claim.

Defendants now object that they did not do so because the AC contains no claim for intentional infliction of emotional distress. I agree. The language used by Judge Davison ("Plaintiff appears to move . . . on a claim . . ."), and his citation to Plaintiff's 56.1 Statement rather than the AC, reflects his own difficulty in locating such a claim in the AC. The term "emotional distress" appears in the AC, but only in the context of Plaintiff's justification for the amount of damages sought. (Doc. 9 at 5 ("The amount of monetary compensation that I the plaintiff is seeking for is (4,000,000) or 4 million dollars. And the basis for such amount lawyer fees, hospital bills for the emotional distress.").) The words "intentional infliction" do not appear, and the entire remainder of the AC makes clear – when read with the "special solicitude" due *pro se* litigants and interpreting it to raise the strongest claims it suggests, *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) – that the claim Plaintiff is advancing is for, as he puts it in the same portion of the AC, "the multiple police officers using excessive force and brutality, while arresting me." (Doc. 9 at 5.)

The first indication that Plaintiff intended to advance a claim of intentional infliction of emotional distress appears in his 56.1 Statement, which seems to have been filed in reply to Defendants' opposition to Plaintiff's motion (or perhaps in opposition to Defendants' cross-motion), but it is well settled that a Court should not on summary judgment consider factual allegations and legal theories not raised in the complaint. *See Bush v. Fordham Univ.*, 452 F. Supp. 2d 394, 406 (S.D.N.Y. 2006) (declining to consider alleged instance of discrimination raised for first time in opposition brief, stating that "[a]lthough a complaint need not correctly plead every legal theory supporting the claim, at the very least, plaintiff must set forth facts that will allow each party to tailor its discovery to prepare an appropriate defense") (internal quotation marks omitted); *Southwick Clothing LLC v. GFT (USA) Corp.*, No. 99-CV-10452, 2004 WL 2914093, at *6 (S.D.N.Y. Dec. 15, 2004) ("A complaint cannot be amended merely by raising new facts and theories in plaintiffs' opposition papers . . . ."); *Rochester v. Blue Cross & Blue Shield*, No. 98-CV-2436, 2000 WL 1052064, at *6 (E.D.N.Y. June 27, 2000) (declining to consider factual allegation supporting discrimination claim where allegation not made in complaint or EEOC charge); *Beckman v. U.S. Postal Serv.*, 79 F. Supp. 2d 394, 407–08 (S.D.N.Y. 2000) (declining to consider claim not set forth in Complaint and collecting cases).

Upon *de novo* review, I find there is no intentional infliction of emotional distress claim in the AC, and I therefore decline to adopt the R&R's recommendation that summary judgment be denied as to such a claim.[2]

---

[2] Even if such a claim were regarded as included in the AC, it would be subject to dismissal for failure to file a notice of claim under New York General Municipal Law Section 50-i. Plaintiff has not pleaded or claimed to have filed the required Notice of Claim, but argues, citing *Quintero v. Long Island R.R.*, 31 A.D.2d 844 (1969), that the AC in this case serves the same purpose. The *Quintero* court found that because the summons and complaint contained all the information required to be included in a Notice of Claim, and were served within 90 days of

B. Excessive Force

Plaintiff objects to Judge Davison's conclusion that fact issues preclude summary judgment on the excessive force claim. In so doing, he repeats his arguments to the effect that he did not resist arrest and that the officers' use of force was unnecessary. I concur with Judge Davison that the record reflects factual disputes and credibility issues that preclude summary judgment. Plaintiff claims that he did not and could not have resisted, and the officers claim that he did resist, kicking and flailing and attempting to flee. This is a paradigmatic factual dispute requiring resolution by a jury at trial. Accordingly, upon *de novo* review, I adopt the R&R's recommendation that Plaintiff's motion for summary judgment on the excessive force claim be denied.

C. Aube and Falcone

Plaintiff does not raise objections to the Magistrate Judge's recommendations as to Aube and Falcone, and accordingly I review them for clear error. I find no error, clear or otherwise, and accordingly adopt the recommendations that Aube and Falcone be dismissed.

III. Appointment of *Pro Bono* Counsel

Plaintiff has separately moved for appointment of counsel. (Doc. 59.) As the case will be going to trial on Plaintiff's claims against Defendants Magistro and Badner for excessive force, I will request that the *Pro Se* Office attempt to locate *pro bono* counsel for Plaintiff.

---

the accident as required by Section 50-e of the General Municipal Law, it was appropriate to deem those documents to be the Notice of Claim. *See id.* at 844. In this case, however, the incident occurred on January 5, 2010; the original Complaint was not filed until May 5, 2010 (Doc. 2); the AC (on which Plaintiff relies as the equivalent of a Notice of Claim) was not filed until June 11, 2010 (Doc. 9); and the AC was not served on Defendants until late August 2010, (*see* Docs. 10, 12). Thus, to whatever extent the AC could serve as a Notice of Claim had it been served within the 90-day period, it was not so served.

Conclusion

It is hereby ORDERED that the R&R, modified as described above, is adopted as the decision of the Court. Plaintiff's motion for summary judgment is DENIED. Defendant Aube's motion for judgment on the pleadings is GRANTED. Defendant Falcone's motion to dismiss is GRANTED. Plaintiff's motion for the Court to request counsel is GRANTED. The Clerk of Court is respectfully directed to terminate the pending motions. (Docs. 41, 43, 59.) A conference will be held on January 12, 2012, at 10:45 a.m.

**SO ORDERED.**

Dated: December 20, 2011
       White Plains, New York

                                    _____
                                      CATHY SEIBEL, U.S.D.J.